UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| **RANDY STARKEY** ] | |
|     **Plaintiff,** ] | |
| ] | |
| v. ] | No. 3:13-0433 |
| ] | Judge Sharp |
| **STAPLES, INC.** ] | |
|     **Defendant.** ] | |


**O R D E R**


On July 12, 2013, the defendant filed a Motion to Dismiss (Docket Entry No.14), accompanied by a Memorandum in Support (Docket Entry No.15) with attachments.

The plaintiff found the Motion to Dismiss and the Memorandum in Support to constitute a "ridiculously verbose pleading" that was intended to be harassing, vexatious and unethical. As a result, he filed a Motion for Rule 11 Sanctions (Docket Entry Nos.19 and 20).

Following defendant's Response (Docket Entry No.21) to plaintiff's Motion for Rule 11 Sanctions, the Magistrate Judge entered an order (Docket Entry No.22) denying plaintiff's Rule 11 Motion.

Presently before the Court are plaintiff's appeal (Docket Entry No.24) from the Magistrate Judge's ruling, an Affidavit (Docket Entry No.25) in support of the appeal, and defendant's Response (Docket Entry No.28) to plaintiff's appeal.

In this Circuit, the test for imposing Rule 11 sanctions is whether the offending individual's conduct was reasonable under the circumstances. Mich. Division - Monument Builders of North America v. Mich. Cemetary Ass'n., 524 F.3d 726,739 (6th Cir.2008).

The defendant's Motion to Dismiss is two pages in length. It was accompanied by a Memorandum in Support that is sixteen (16) pages long. The attachments to the Memorandum in Support consist of fourteen (14) pages of exhibits and one hundred fifteen (115) pages of unreported cases.

Local Rule 7.01(a) provides that a supporting Memorandum shall not exceed twenty five (25) pages without leave of the Court. Here, the Memorandum in Support did not exceed the twenty five (25) page limitation. The Court does not find fourteen (14) pages of Exhibits to be excessive by any measure. In addition, the defendant was required by Local Rule 7.01(e)(5) to provide copies of the entire text of any unreported decisions being relied upon in the Motion to Dismiss. Therefore, it was not unreasonable for the defendant to provide the plaintiff with the one hundred fifteen (115) pages of unreported decisions.

In any event, sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty one (21) day 'safe harbor' period before it is filed with or presented to the Court. Ridder v. City of Springfield, 109 F.3d 288,297 (6th Cir.1997). The plaintiff has certified that a copy of the Motion for Rule 11 Sanctions was mailed to the defendant on

the same date that it was filed with the Court. *See* Docket Entry No.19 at pg.2.

Accordingly, the Court finds no merit in the plaintiff's Motion for Rule 11 Sanctions. The Magistrate Judge correctly determined that Rule 11 sanctions should not be imposed upon the defendant. The plaintiff's appeal, therefore, is OVERRULED and the decision of the Magistrate Judge is AFFIRMED.

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge