IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RANDY STARKEY )
)
v. ) NO. 3:13-0433
)
STAPLES, INC. )

TO: Honorable Kevin H. Sharp, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered May 14, 2013 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and for proposed findings of fact and recommendations for disposition of any dispositive motions.

Presently pending before the Court is the Defendant's motion to dismiss (Docket Entry No. 14), to which the plaintiff has responded in opposition. See Docket Entry Nos. 35 and 37. For the reasons set out below, the Court recommends that the motion to dismiss be granted and this action be dismissed.

**I. BACKGROUND**

The plaintiff is a citizen of Tennessee. On June 5, 2012, he went to a Staples office supply store located in Bellevue, Tennessee, where he gave a store employee a computer flash drive for the purpose of having a document on the flash drive printed and copied. See Amended Complaint (Docket Entry No. 7), at 3. The document was an affidavit from the plaintiff which he intended to

submit as an exhibit in a civil appeal he was filing in federal court. Id. The text of the affidavit referred to a contempt order and order for his arrest that had been issued by the Cheatham County Circuit Court. Id. The plaintiff alleges that the unnamed Staples employee read the affidavit and called the Metropolitan Nashville Police Department, and that two police officers, as well as a Deputy from the Cheatham County Sheriff's Department, arrived at the store, detained him, and searched his car. Id. The plaintiff alleges that he was handcuffed, taken into custody, and transported to the Cheatham County Jail where he was held for nine days without being brought before a judge and without being allowed access to legal counsel. Id. at 3-4. He alleges that he was eventually released without explanation, but that within hours of his release, three Sheriff's Department deputies came to his house to conduct a search of his house. Id. The plaintiff contends that the living conditions at the jail were poor and that he was unable to timely file the affidavit in the civil appeal because of the length of time he was held in jail. Id.

Based upon these events, the plaintiff brought this action on May 8, 2013, seeking damages against Staples, Inc. ("Staples"), a Delaware corporation. He asserts federal jurisdiction under 28 U.S.C. § 1343 and diversity jurisdiction under 28 U.S.C. § 1332 and brings three separate claims: 1) breach of confidence/violation of privacy; 2) false imprisonment; and 3) violation of his civil rights. Id. at 5-6.

In lieu of an answer, Staples has filed the pending motion to dismiss arguing that the plaintiff fails to state claims upon which relief can be granted. Specifically, Staples argues that the legal nature of the plaintiff's first claim are not clear and this claim does not state a cognizable legal claim under Tennessee. Staples contends that the facts alleged in the Amended Complaint do not support a false imprisonment claim against it under Tennessee law because the plaintiff's own allegations are that he was detained by police officers, not the Staples employee. With respect to the plaintiff's claim that

2

Staples violated his civil rights, Staples argues that a civil rights claim requires that the defendant act under color of state law and that there are no facts alleged in the Amended Complaint satisfying this requirement with respect to Staples. Staples also contends that the plaintiff's allegations do not support a claim that any of the plaintiff's constitutional rights were violated, that Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars any civil rights claim that would imply the invalidity of his incarceration, and that the Amended Complaint fails to show that Staples proximately caused any damages to the plaintiff. See Docket Entry No. 15.

In response, the plaintiff filed his own affidavit (Docket Entry No. 37) in which he contends that the Staples' employee acted wrongfully by reading the affidavit contained on the flash drive and by calling law enforcement, acts which directly led to his incarceration and the purported violation of his civil and legal rights. He contends that his pro se Amended Complaint meets the threshold of stating legal claims for relief and that this action should be allowed to proceed against Staples.

## II. STANDARD OF REVIEW

A motion to dismiss is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating

Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

### III. CONCLUSIONS

After review of the parties' filings and the record in this action, the Court finds that the motion to dismiss should be granted. Although the Court is required to construe the Amended Complaint liberally because of the plaintiff's pro se status, Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982), and even though the Plaintiff's factual allegations are construed as true when reviewing the motion to dismiss, the plaintiff must "do more than create speculation or suspicion of a legally cognizable cause of action; [he] must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). The plaintiff has simply failed to satisfy this burden and has not asserted plausible legal claims against Staples based on the facts and claims set out in his Amended Complaint.

With respect to the plaintiff's first cause of action, the precise legal claim raised by the plaintiff is somewhat unclear. At various points in his recitation of the claim, he refers to breach of

confidence, violation by Staples of its own Privacy Policy, and willful and intentional violation of privacy. See Docket Entry No. 7, at 5. None of theories support a plausible claim for relief against Staples.

In some factually specific situations, Tennessee law recognizes a claim against a defendant for taking actions that breach a confidential relationship. These claims have been permitted when some type of special relationship exists between the plaintiff and defendant that creates a relationship of confidence or trust. See e.g. Chisholm v. Western Reserves Oil Co., 655 F.2d 94, 97 (6th Cir.1981) (a fiduciary or principal-agent relationship may create a confidential relationship); Alsip v. Johnson Med. Ctr., 197 S.W.3d 722, 725-26 (Tenn. 2006) (doctor-patient relationship creates an implied covenant of confidentiality); Givens v. Mullikin, 75 S.W.3d 383, 407 (Tenn. 2002); Matlock v. Simpson, 902 S.W.2d 384, 386 (Tenn. 1995) (confidential relationship was created by an attorney-client relationship and the grant of an unrestricted power of attorney); Hickory Specialties, Inc. v. B & L Labs., Inc., 592 S.W.2d 583, 586 (Tenn.Ct.App. 1979) (employer-employee relationship can create a confidential relationship as to trade secrets). In the instant action, the alleged facts do not show that the plaintiff and Defendant Staples had any type of special relationship that has been recognized in Tennessee as creating a relationship of confidence or trust that would support a claim of breach of confidence.

With respect to a claim based on Staples' privacy policy, it would appear that the plaintiff and Staples had an oral contract in the nature of a bailment for Staples to take possession of the flash drive in order to produce copies of a document on the flash drive. However, it does not follow that the customer policies of Staples become contractual obligations that can be sued upon merely because of this bailment, and the plaintiff has not pointed to any case law from Tennessee that would permit him to maintain a cause of action against Staples based on Staples' purported failure to follow its own

privacy policy.[1] In the absence of such a showing from the plaintiff, the Court is persuaded by the line of cases from other districts holding that broad statements of company policy do not amount to implied contracts that support actionable contract claims. See Trikas v. Universal Card Servs. Corp., 351 F.Supp.2d 37, 46 (E.D.N.Y. 2005); Dyer v. Northwest Airlines Corps., 334 F.Supp.2d 1196, 1199–1200 (D.N.C. 2004); In re Northwest Airlines Privacy Litig., 2004 WL 1278459, at *5-6 (D.Minn. June 6, 2004).

The plaintiff's final theory is that Staples violated or invaded his privacy when its employee called the police after reading the affidavit which referred to the state court order of contempt and order to arrest the plaintiff. Tennessee does recognize the common law tort for invasion of privacy. Martin v. Senators, Inc., 220 Tenn. 465, 418 S.W.2d 660, 664 (1967); Langford v. Vanderbilt Univ., 199 Tenn. 389, 287 S.W.2d 32, 38 (1956). As noted by the Court in Martin, liability for invasion of privacy "exists only if the conduct is such that a defendant should have realized it would be offensive to persons of ordinary sensibilities; and that it is only where the intrusion has gone beyond the limits of decency that liability accrues...." Id. In West v. Media Gen. Convergence, Inc., 53 S.W.3d 640 (Tenn. 2001), the Tennessee Supreme Court noted, without explicitly adopting, that Section 652A of the Restatement (Second) of Torts provides for four categories of invasion of privacy:

---

[1] The Amended Complaint refers only to Staples "own Privacy Policy publically displayed in Staples retail stores and on the internet which assured that a customer's private information will not be disclosed." See Docket Entry No. 7, at 5. The plaintiff does not attach to his Amended Complaint the actual policy to which he refers or what particular provision or part of this policy applies to the facts he alleges. The Defendant attaches to its motion a copy of what appears to be a printout of an internet statement from the Staples website of its "US Privacy Policy." See Exhibit 1 (Docket Entry No. 15-1). Given the plaintiff's references to Staples' "privacy policy" in his Amended Complaint, the Court finds it proper to consider this exhibit. Similarly, given the plaintiff's reference in his Amended Complaint to the state order of contempt, the Court has also considered this document, which the Defendant also attached to its motion to dismiss. See Exhibit 3 (Docket Entry No. 15-3). However, the Court has excluded from consideration Exhibit 2 (Docket Entry No. 15-2), which appears to be a copy of an internet news article about the plaintiff.

a) unreasonable intrusion into the seclusion of another; b) appropriation of other's name or likeness; c) unreasonable public disclosure of the other's private life; and d) publicity that unreasonably placed the other in a false light before the public. Id. at 643. See also Scarbrough v. Brown Group, Inc., 935 F.Supp. 954, 963-64 (W.D.Tenn. 1995); Roberts v. Essex Microtel Assoc., II, L.P., 46 S.W.3d 205, 211 (Tenn.Ct.App. 2009).

Under the facts alleged by the plaintiff, the Court does not find that the plaintiff has alleged a plausible claim for invasion of privacy. The Staples' employee did not intrude into the seclusion of the plaintiff, appropriate his name or likeness, make a public disclosure of any private fact, or take any acts to place the plaintiff in a false light before the public. The Staples' employee simply called the police after viewing information in a document, which was provided to Staples by the plaintiff himself, that indicated that an order for the arrest of the plaintiff, which was a document of public record, may be outstanding. The police handled the matter after that point. While the plaintiff clearly objects to the validity of the court order and to his arrest and subsequent incarceration, he has not alleged facts showing that he had a privacy right that was invaded.

While the facts alleged by the plaintiff are unique, at least one Tennessee court has found under somewhat similar circumstances that the act of providing information to law enforcement officers does not support a claim of invasion of privacy. In Roberts, a defendant hotel employee copied a guest's drivers license, telephoned the police, and provided the information from the license to the police. The police arrived and arrested the plaintiff on a warrant from another state but subsequently released him several hours later when it was discovered that the warrant was for another person. The Court found that the acts of the hotel employee did not invade the guest's privacy. 43 S.W.3d at 413.

7

The plaintiff's second cause of action is readily subject to dismissal. Under Tennessee law, false imprisonment is the intentional restraint or detention of another without just cause. Brown v. SCOA Indus., Inc., 741 S.W.2d 916, 919-20 (Tenn. Ct. App. 1987). This requires the plaintiff to prove: (1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint. Coffee v. Peterbilt of Nashville, Inc., 795 S.W.2d 656, 659 (Tenn.1990). According to the plaintiff's own allegations, he was not restrained or detained in any manner by an employee of Staples and it was law enforcement officers who actually detained him. Thus, there are no facts alleged which would support one of the essential elements for a claim of false imprisonment against Staples. Although police officers may have been summoned to the store by a Staples' employee, Tennessee law holds that merely providing information to a police officer that leads to the detention of a plaintiff does not render the person who provided the information liable for a subsequent detention by law enforcement officials. Roberts, 46 S.W.3d at 213; Mays v. Fred's, Inc., 2000 WL 53082, *3 (Tenn.Ct.App. Jan. 10, 2000). Given the plaintiff's allegations, he simply does not have a cause of action for false imprisonment against Staples.

The plaintiff's third cause of action, which is based on alleged violations of his civil rights, also warrants dismissal for failure to state a claim upon which relief can be granted. Although the plaintiff did not specifically refer to the statutory basis for his civil rights claim, 42 U.S.C. § 1983 provides the statutory basis for a plaintiff to pursue claims based on the deprivation of rights provided by the United States Constitution. See Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). However, an essential requirement for any claim brought under Section 1983 is a showing that the Defendant acted under color of state law. See Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); Flagg Bros, Inc. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). The conduct of private individuals and

corporations is not actionable under Section 1983. Defendant Staples is a private entity, and there are no allegations showing that it acted under color of state law during the events at issue. The mere act by a private entity of providing information to the police does not constitute acting under color of state law. See Modowan v. City of Warren, 578 F.3d 351, 399 (6th. Cir. 2009). Accordingly, the Staples' employee did not act under color of state law when the employee called the law enforcement officers who eventually arrested the plaintiff.

Furthermore, Staples cannot be held liable under Section 1983 for the actions of its employees based on respondeat superior or vicarious liability, Savoie v. Martin, 673 F.3d 488, 493–94 (6th Cir. 2012), and there are no allegations that Staples itself acted in any manner to violate the plaintiff's civil rights. To the extent that the plaintiff complains about events that occurred during his confinement after his arrest, Staples clearly had no involvement in these events.

Because the Court finds that the facts as alleged by the plaintiff in his Amended Complaint do not state plausible claims for relief under the causes of action he brings against Defendant Staples, the Court declines to address the alternative arguments for dismissal raised by the Defendants. See Docket Entry No. 15, at 13-16.

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the Defendant's motion to dismiss (Docket Entry No. 14) be GRANTED and this action BE DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

          _____
          JULIET GRIFFIN
          United States Magistrate Judge