UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **RANDY STARKEY,** *pro se*, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 3:13-0433 |
| v. | ) | Judge Sharp |
| | ) | |
| **STAPLES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Magistrate Judge Griffin has entered a lengthy Report and Recommendation ("R&R") (Docket No. 41), recommending that Defendant Staples Inc.'s Motion to Dismiss (Docket No. 14) be granted and that Plaintiff Randy Starkey's Complaint be dismissed without prejudice. More specifically, Magistrate Judge Griffin concluded that (1) Plaintiff did not allege any special relationship between the parties that would support a claim for breach of confidence under Tennessee law; (2) the facts alleged by Plaintiff do not support a claim for breach of Staples's privacy policy or establish a plausible claim for invasion of privacy or false imprisonment; and (3) Staples, as a private entity, is not subject to suit for alleged civil rights violations under 42 U.S.C. § 1983.

Plaintiff was specifically advised of his right to file objections to the R&R. Instead of filing proper objections, however, he filed a "Motion for Court Hearing Before Article III Federal Judge," (Docket No. 45) which he later supplemented (Docket No. 47). Those filings, however, do not contain the "specific written objections" contemplated by Rule 27(b)(2) of the Federal Rules of Civil Procedure. Regardless, the Court has considered Plaintiff's filings as objections and, upon *de novo*

1

review, concludes that Magistrate Judge Griffin's recommended disposition is correct.

Plaintiff requests a hearing so that he can "look the assigned Article III Judge in the eyes when such a serious decision [dismissal without prejudice] is made," and claims that, as "an 11th generation citizen of the United States," he "has a right to actually stand before a judge in this federal court through payment in blood by his United States ancestors." (Docket No. 45 at 2). Plaintiff also asserts that the purpose of a hearing "would be to determine what magic words are required" to plead his case, claiming that the "pleadings have become a rigged game in this case," that the R&R is "deliberately vague," that he has been "sent to a 'without prejudice' purgatory," and that it was "deceitful and prejudicial to *Pro Se* Plaintiff for the Court not to inform this *Pro Se* Plaintiff exactly what language is to be used for his legal language to be amended to proceed." (Id. at 1-2).

As a general rule, motions in this Court are decided on the papers, L.R. 78.01, and Plaintiff has not set forth any valid reasons that would justify a hearing in this case. A complaint need not contain "magic words," but it must contain factual allegations that make plausible the claim for relief. Plaintiff's Complaint does not. To the contrary, the very allegations upon which he relies establish that he is not entitled to the relief he requests. Moreover, "[t]his Court is not 'required to create [Plaintiff]'s claims for him,' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a *pro se* plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" Bell v. Tennessee, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000) (bracket in original)).

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 41) is hereby ACCEPTED and APPROVED;

(2) Defendant's Motion to Dismiss (Docket No. 14) is hereby GRANTED; and

(3) Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court shall enter judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE